# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAXIMA VENTURA, on behalf of herself and all others similarly situated, <br><br> Plaintiff(s), <br><br> -against- <br><br> ATLANTIC CREDIT & FINANCE, INC. and JOHN DOES 1-25, <br><br> Defendant(s). | Civil Case Number: _____ <br><br> **CIVIL ACTION** <br><br> **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1. Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that the Defendant, ATLANTIC CREDIT & FINANCE, INC. ("ATLANTIC CREDIT") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

5. Plaintiff is a natural person, a resident of Bronx, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6. ATLANTIC CREDIT maintains a location at 3353 Orange Avenue NE, Roanoke, Virginia 24012.

7. ATLANTIC CREDIT uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

8. ATLANTIC CREDIT is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

9. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 19(c) Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New York consumers and their successors in interest (the

"Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class is initially defined as:

> All New York consumers who were sent letters and/or notices within 30 days of the initial letters and/or notices sent from ATLANTIC CREDIT, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. <u>Numerosity</u>: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A and Exhibit B).** The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

   b. <u>Commonality</u>: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

       i. Whether the Defendants violated various provisions of the FDCPA;

       ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

       iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

       iv. Whether Plaintiff and the Class are entitled to declaratory relief.

    c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

    d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to

seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to February 27, 2018, Plaintiff allegedly incurred a financial obligation to CAPITAL ONE BANK (USA), N.A. ("CAPITAL ONE").

19. The CAPITAL ONE obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. Plaintiff incurred the CAPITAL ONE obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21. The CAPITAL ONE obligation did not arise out of a transaction that was for non-personal use.

22. The CAPITAL ONE obligation did not arise out of a transaction that was for business use.

23. The CAPITAL ONE obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. CAPITAL ONE is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. At some time prior to February 27, 2018, the CAPITAL ONE obligation was purchased by and/or sold to MIDLAND FUNDING, LLC ("MIDLAND").

26. At the time the CAPITAL ONE obligation was purchased by and/or sold to MIDLAND, the obligation was in default.

27. On or before February 27, 2018, the CAPITAL ONE obligation was referred to ATLANTIC CREDIT for the purpose of collection.

28. At the time the CAPITAL ONE obligation was referred to ATLANTIC CREDIT the CAPITAL ONE obligation was past due.

29. At the time the CAPITAL ONE obligation was referred to ATLANTIC CREDIT the CAPITAL ONE obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

30. Defendants caused to be delivered to Plaintiff a letter dated February 27, 2018, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

31. The February 27, 2018 letter was sent to Plaintiff in connection with the collection of the CAPITAL ONE obligation.

32. The February 27, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

33. The February 27, 2018 letter is the initial written communication sent from Defendant to the Plaintiff.

34. Upon receipt, Plaintiff read the February 27, 2018 letter.

35. The February 27, 2018 letter provided the following information regarding the balance claimed due on the CAPITAL ONE obligation:

Balance:     $6,295.46

36. The February 27, 2018 letter stated in part:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.

37. Defendants caused to be delivered to Plaintiff a letter dated March 5, 2018, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit B**, which is fully incorporated herein by reference.

38. The March 5, 2018 letter was sent to Plaintiff in connection with the collection of the CAPITAL ONE obligation.

39. The March 5, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

40. The March 5, 2018 letter was received by Plaintiff within 10 days after receipt of the February 27, 2018 letter.

41. Upon receipt, Plaintiff read the March 5, 2018 letter.

42. The March 5, 2018 letter stated in part:

> Reply by calling our office at:
> 800-888-9419
> by
> 3/8/2018
> **PRE-LEGAL NOTIFICATION**

43. The March 5, 2018 also stated in part:

> This letter is to inform you that Midland Funding, LLC is considering forwarding this account to an attorney in your state for possible litigation. **Upon receipt of this notice**, please call 800-888-9419 to discuss your options. **If we don't hear from you** or receive payment, Midland Funding, LLC may proceed with forwarding this account to an attorney. (emphasis added).

44. In addition, the March 5, 2018 letter stated in part:

> The opportunity to pay the listed above does not alter or amend your validation rights as described in our previous letter to you.

45. The March 5, 2018 letter was sent so that it would be received on or about March 8, 2018, the artificial deadline set by Defendant for Plaintiff to respond by in order to stop the account from being forwarded to an attorney for possible litigation.

46. The March 5, 2018 letter falsely implied or misrepresented that if Defendant did not hear from Plaintiff by March 8, 2018 that the account would be forwarded to an attorney for possible litigation.

47. The March 8, 2018 deadline to "hear from" Plaintiff (set forth in the March 5, 2018 letter) was still within the 30 day period that Plaintiff had to exercise her rights set forth in the February 27, 2018 letter and pursuant to 15 U.S.C. § 1692g(a)(3) and (4).

48. The March 5, 2018 letter does not inform Plaintiff that the 30 day period referred to in the February 27, 2018 had not yet expired and that Plaintiff still had time to exercise her rights.

49. The March 5, 2018 letter only gives Plaintiff two choices to stop Defendant's threat of forwarding the account to an attorney for possible litigation – either call Defendant by March 8, 2018 or pay (or make arrangements to pay) Defendant by March 8, 2018.

50. As the March 5, 2018 was sent by Defendant so that it would be received on or about the day of the deadline, it created a false sense of urgency.

51. As the March 5, 2018 was sent by Defendant so that it would be received on or about the day of the deadline, it overshadowed and/or contradicted the 30 day period referred to in the February 27, 2018 and found at 15 U.S.C. § 1692g(a)(3) and (4).

52. ATLANTIC CREDIT knew or should have known that its actions violated the FDCPA.

53. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

54. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A and Exhibit B**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

    (c) Using unfair or unconscionable means to collect or attempt to collect any debt; and

    (d) Overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

55. Defendants have sent written communications in the form annexed hereto as **Exhibit A and Exhibit B**, to at least 50 natural persons in the state of New York within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* VIOLATIONS

56. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

57. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

58. Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

59. Defendant's letters would lead the least sophisticated consumer to believe that unless Defendant heard from Plaintiff by March 8, 2018, the account would be forwarded to an attorney for possible litigation.

60. Defendant's letters were designed to cause the least sophisticated consumer to be confused as to whether the time to exercise his or her rights had expired..

61. Defendant's letters were designed to cause the least sophisticated consumer to believe that the time to exercise his or her rights had expired..

62. The timing and content of Defendant's letters were designed to cause the least sophisticated consumer to be confused as to whether the time to exercise his or her rights had expired.

63. The timing and content of Defendant's letters were designed to cause the least sophisticated consumer to believe that the time to exercise his or her rights had expired..

64. Defendant's letters would cause the least sophisticated consumer to believe that there was no point in exercising his or her rights to dispute the debt.

65. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

66. By failing to advise Plaintiff and others similarly situated that the 30 day period to exercise their rights had not yet expired, Defendants engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. § 1692e and § 1692e(10).

67. By falsely implying to Plaintiff and others similarly situated that the 30 day period to exercise their rights had expired, Defendants engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. § 1692e and § 1692e(10).

68. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

69. Defendant violated the FDCPA by overshadowing, contradicting and/or obscuring the rights mandated by 15 U.S.C. § 1692g(a)(3) and (4) as described herein.

70. Defendant's letters would cause the least sophisticated consumer to believe that there was no point in exercising his or her rights to dispute the debt.

71. Defendant's letters would cause the least sophisticated consumer to believe that the deadline to dispute the debt was shortened to March 8, 2018, rather than 30 days from receipt of the initial letter.

72. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

73. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

74. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

75. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

76. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

77. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

### PRAYER

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

    (b)    Awarding Plaintiff and the Class statutory damages;

    (c)    Awarding Plaintiff and the Class actual damages;

    (d)    Awarding pre-judgment interest;

    (e)    Awarding post-judgment interest.

    (f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

    (g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: November 1, 2018

Respectfully submitted,

By: *s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (BK3594)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

# EXHIBIT A

Atlantic Credit & Finance, Inc.
PO Box 2083
Warren, MI 48090

Return Service Requested

# Atlantic™
### CREDIT & FINANCE INCORPORATED
866-397-4100 * Fax 540-772-7895
http://www.atlanticcreditfinance.com



034611  L2TAC259
MAXIMA VENTURA
1305 BALCOM AVE
BRONX, NY 10461-5801

Original Creditor ▸ CAPITAL ONE BANK (USA), N.A.
Current Creditor ▸ MIDLAND FUNDING, LLC ("MID")
Acct # ▸ XXXXXXXXXXXX4047
AC&F File # ▸ ●●2357
Charge Off Balance ▸ $6,295.46
Balance ▸ $6,295.46

February 27, 2018

Dear Mr./Ms. Maxima Ventura:

Please allow this letter to serve as an introduction to MID. MID has purchased or was otherwise assigned the account (the "Account") referenced above and it has been placed with Atlantic Credit & Finance, Inc. ("Atlantic") for collection.

Our records reflect you are obligated on the Account which is in default. The total amount of additional interest, charges and other fees that have accrued since charge-off is $0.00. The total amount of payments made on the Account since charge-off is $0.00. Accordingly, Atlantic is entitled to be paid the balance due of $6,295.46. All payments on the account should be sent as noted below.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

**To discuss this debt, please contact Alicia Shiflett toll free at 866-397-4100, between 12:00 P.M. and 9:00 P.M. EST Monday through Wednesday, 8:30 A.M. to 5:30 P.M. on Thursday and 9:00 A.M. to 5:00 P.M. EST on Friday.**

|  |  |
|---|---|
| Mail all Correspondence to:<br>Atlantic Credit & Finance, Inc.<br>PO Box 13386<br>Roanoke, VA 24033-3386 | **Mail all Payments to:**<br>**Atlantic Credit & Finance, Inc.**<br>**PO Box 2001**<br>**Warren, MI 48090-2001** |

Office Hours: 8:30 A.M. - 9:00 P.M., Monday - Wednesday; 8:30 A.M. - 5:30 P.M., Thursday; 9:00 A.M. - 5:00 P.M. Friday (EST)

**This communication is from a debt collector.**
**This is an attempt to collect a debt. Any information obtained will be used for that purpose.**
**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**



# NOTICE TO NEW YORK CONSUMERS

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

(1) Supplemental security income, (SSI);

(2) Social security;

(3) Public assistance (welfare);

(4) Spousal support, maintenance (alimony) or child support;

(5) Unemployment benefits;

(6) Disability benefits;

(7) Workers' compensation benefits;

(8) Public or private pensions;

(9) Veterans' benefits;

(10) Federal student loans, federal student grants, and federal work study funds; and

(11) Ninety percent of your wages or salary earned in the last sixty days.

New York City Department of Consumer Affairs License No. 1308695, 2025302

# EXHIBIT B

**Atlantic**
CREDIT & FINANCE INCORPORATED
PO Box 13386 • Roanoke, VA 24033
800-888-9419 • Fax 540-772-7895

Exhibit B

Reply by calling our office at:
800-888-9419
by
3/8/2018

## PRE-LEGAL NOTIFICATION

**Hours Of Operation:**
Mon-Wed: 12pm - 9pm EST.
Thu-Fri: 8:30am - 5:30pm EST.

00003261

MAXIMA VENTURA
1305 BALCOM AVE
BRONX, NY 10461-5801

001

Original Creditor: CAPITAL ONE BANK (USA), N.A.
Current Owner: Midland Funding LLC
Current Servicer: Atlantic Credit & Finance, Inc.
Original Account Number: ▓▓▓▓▓▓▓▓4047

ACF Account #: ▓▓2357
Balance: $6,295.46
Date of Default: 7/8/2017
Last Paid Date: 05/10/2017

3/5/2018

Dear MAXIMA VENTURA:

Atlantic Credit & Finance has tried to reach you regarding this account. This letter is to inform you that Midland Funding, LLC is considering forwarding this account to an attorney in your state for possible litigation. Upon receipt of this notice, please call 800-888-9419 to discuss your options.
If we don't hear from you or receive payment, Midland Funding, LLC may proceed with forwarding this account to an attorney.

Atlantic Credit & Finance would like to make an arrangement with you to resolve the above-referenced account using the following:

    1) Biweekly payments as low as $50.00 until balance is paid in full; or
    2) A one time repayment amount of $4,721.59 to be due on 03/08/2018.

The opportunity to pay the listed above does not alter or amend your validation rights as described in our previous letter to you. Once you have completely fulfilled your payment arrangement, you will be released of the obligation. We are not obligated to renew this offer.

Thank you for your cooperation in resolving this matter.

Sincerely,

Honey
Atlantic Credit & Finance, Inc.
800-888-9419 ext 64326

This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.
**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**

RECA

Mar 06 18 06:40p   Everett M. Faison   9143771007   p.1